UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| PHYLLIS HOWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV-99-PT-1842-M |
| ) | |
| QUORUM HEALTH GROUP, INC., ) | |
| and CONTINENTAL CASUALTY ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

FILED 00 JAN -6 PM 2:45 U.S. DISTRICT COURT N.D. OF ALABAMA

ENTERED JAN 6 2000

## MEMORANDUM OPINION

This cause comes to be heard on Defendants Quorum Health Group, Inc. ("Quorum") and Continental Casualty Company ("CNA") (together as "Defendants") motion for summary judgment against Plaintiff Phyllis Howell ("Howell" or "plaintiff") on her claims for long term disability ("LTD") benefits and Quorum's alleged failure to provide Howell with a copy of the Welfare Benefit Plan document under the Employee Retirement Income Security Act ("ERISA") of 1974 , 29 U.S.C. §§ 1132(a)(1)(B) and 1024(c), filed November 30, 1999.

### LONG TERM DISABILITY BENEFITS

The facts of this case relating to plaintiff's claim for LTD benefits have been laid out in full in this court's Memorandum Opinion filed December 20, 1999. Therein, this court ruled upon plaintiff's motion for partial summary judgment regarding her LTD claim. See Mem. Op. filed Dec. 20, 1999. Based upon the evidence before the court, plaintiff's motion was denied and

1



the parties were ordered to file statements of fact in order to determine whether there are any disputed facts.

Quorum now contends that summary judgment on the LTD claim, 29 U.S.C. § 1132(a)(1)(B), is due to be granted as plaintiff has admitted to working between January 26, 1998 and October 31, 1998, three months after the expiration of the Elimination Period which ran from February 2, 1998 to July 1, 1998. In its brief received by this court on December 21, 1999, Quorum contends that "fundamental fairness" dictates that this court consider the fact that Howell worked on five separate occasions after the Elimination Period, even though this information was not before CNA during the administrative review.[1] Quorum cites no authority in support of this argument. Quorum argues that because Howell worked on those occasions, she thus fails to fulfill the insurance contract definition of total disability, justifying CNA's decision to deny benefits.[2]

Plaintiff did not respond to Quorum's argument regarding what information this court should consider when reviewing this case. Plaintiff did argue that, as discussed in this court's

---

[1] Plaintiff worked August 27, 1998 for nine hours; September 11, 1998 for six hours; September 18, 1998 for five hours; October 8, 1998 for two hours; October 17, 1998 for six hours; and attended a training session on November 18, 1998 for three and one half hours.

[2] The insurance contract defines total disability as follows:
"Total Disability" means that, during the Elimination Period and the Insured Employee Occupation Period ... the Insured Employee, because of Injury or Sickness, is:
    (1) continuously unable to perform the substantial and material duties of his regular occupation;
    (2) under the regular care of a licensed physician other than himself; and
    (3) not gainfully employed in any occupation for which he is or becomes qualified by education, training or experience.

2

December 20, 1997, Memorandum Opinion, her few attempts to work do not remove her condition from the definition of "total disability," citing <u>Marecek v. BellSouth Telecommunications, Inc.</u>, 49 F.3d 702 (11th Cir. 1995).

In its brief submitted to this court on November 30, 1999, Quorum sang quite a different tune than it did in its later brief discussed above: "On deferential review of CNA's administrative decision, this Court is required to confine its analysis to the evidence that was before CNA during the administrative review," citing and quoting <u>Jett v. Blue Cross and Blue Shield of Alabama, Inc.</u>, 890 F.2d 1137, 1139 (11th Cir. 1989); <u>Brown v. Retirement Committee of Briggs & Stratton Retirement Plan</u>, 797 F.2d 521, 531-32 (7th Cir. 1986), <u>cert. denied</u>, 479 U.S. 1094 (1987); and <u>Anderson v. Blue Cross/Blue Shield of Alabama</u>, 907 F.2d 1072, 1075-76 (11th Cir. 1990). This court is required to follow Eleventh Circuit precedent. As such, Quorum's motion for partial summary judgment regarding Howell's LTD claim will be denied. The December 20, 1999 Order stands.[3]

## PLAN DOCUMENT PRODUCTION

### A. Background

Plaintiff's counsel, Attorney Myron K. Allenstein, has represented two other former employees of Gadsden Regional Medical Center ("GRMC") in litigation against Quorum and

---

[3] Additionally, it is not entirely clear that "fundamental fairness" would result in Quorum's desired conclusion of this matter. In <u>Marecek v. BellSouth Telecommunications, Inc.</u>, 49 F.3d 702, 706-707 (11th Cir. 1995), the Eleventh Circuit held that the insurance plan administrator was incorrect in finding that an employee was not totally disabled based upon that employee's attempts to work on two separate occasions subsequent to her filing of a LTD claim. The court noted that the administrator's "factual findings and post hoc explanations [were] without merit." <u>Id.</u> at 706.

CNA arising out of CNA's denial of long term disability benefits. In those cases, as here, Mr. Allenstein sought for his clients statutory penalties against Quorum for its alleged failure to provide ERISA plan documents. During the litigation of those cases, Mr. Allenstein obtained through discovery the ERISA plan document at issue here.

In the present case, Mr. Allenstein requested "a copy of the plan document which provides for long term disability benefits" by letter dated March 9, 1999 addressed to Gale Sanders, Director of Human Resources at GRMC. Mr. Allenstein requested in the letter that it be forwarded to Quorum if Quorum was the proper recipient of the request. The March 9, 1999 letter was not responded to. This suit was filed June 3, 1999.

ERISA § 502(c) provides in pertinent part:

(c) Administrator's refusal to supply requested information; penalty for failure to provide annual report in complete form

(1) Any administrator ... (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary ... by mailing the material request to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper...

29 U.S.C. § 1132(c)(1)(B).

ERISA § 104(b) provides in pertinent part:

(b) Publication of summary plan description and annual report to participants and beneficiaries of plan

...

(4) The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description,, [sic] and the latest

4

> annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated. The administrator may make a reasonable charge to cover the cost of furnishing such complete copies....

29 U.S.C. § 1024(b)(4) (footnote omitted).

Quorum contends that the statute requires (1) a written request by a participant or beneficiary; (2) to the plan administrator; (3) for ERISA documents which fall within the scope of ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4); and (4) a failure by the plan administrator to respond to a proper request within the statutory 30-day time period. According to Quorum, plaintiff's request fails because it was not addressed to the plan administrator and plaintiff has suffered no prejudice as the plan document was available to her from her attorney.

**B. Discussion**

In support of its contention that information requests must be addressed to plan administrators, Quorum cites Thorpe v. Retirement Plan of Pillsbury Co., 80 F.3d 439, 444 (10th Cir. 1996); VanderKlok v. Provident Life and Acc. Ins. Co., Inc., 956 F.2d 610, 618 (6th Cir. 1992); and Shapiro v. Joint Industry Bd. of Elec. Industry, 858 F. Supp. 356, 358 (E.D.N.Y. 1994). By Quorum's own characterization of these cases, these cases support the notion that only a plan administrator may be held liable under the statute, but not necessarily that requests must be specifically addressed to the plan administrator. Indeed, Quorum received the letter, as evidenced by the fact that it was included in Quorum's disclosure documents.

Quorum also contends that Howell suffered no prejudice by Quorum's failure to provide the requested documents as Mr. Allenstein held them in his possession. While prejudice may be considered in a court's discretion to award damages, the presence or absence of prejudice is not

determinative. See Curry v. Contract Fabricators, Inc. Profit Sharing Plan, 891 F.2d 842, 848 n.11 (11th Cir. 1990). Furthermore, while plaintiff's attorney possessed the requested documents, this does not absolve Quorum of the statutory duty of fulfilling a valid request.

This court has broad discretion in determining whether to impose a statutory penalty under § 502(c)(1)(B) for the alleged failure of Quorum to provide an ERISA plan document. See Curry, 891 F.2d at 827. It is clear to this court that both parties are in the wrong. Mr. Allenstein failed to address the document request to Quorum, although based on his experience as an attorney it appears that he should have known to whom he should address the request. Quorum was aware of the request, and unlike the two previous cases, knew exactly what was being requested, and failed to produce the requested material. Mr. Allenstein may have the excuse of forgetfulness. Quorum, on the other hand, has a statutory duty. Both sides may be attempting to make a mountain out of a mole hill. Thus, Quorum's motion for partial summary judgment based on the ERISA § 502(c) claim will be denied.

This 6 day of January, 2000.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE